IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Karen RODRIGUEZ, Antonio RODRIGUEZ, Boris SHAYKEVICH and Yelena SHAYKEVICH, individually and on behalf of other similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No.: 16cv60442-JIC |



**PLAINTIFFS' MOTION TO TEMPORARILY SEAL CASE**

**WITES & KAPETAN, P.A.**
Marc A. Wites
4400 North Federal Highway
Lighthouse Point, FL  33064
*mwites@wklawyers.com*
Tel: 954.526.2729
Fax: 954.354.0205

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox
David A. Straite
850 Third Avenue
New York, NY  10022
*dstraite@kaplanfox.com*
Tel.: 212.687.1980
Fax:  212.687.7714

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King
Mario M. Choi
350 Sansome Street, Suite 400
San Francisco, CA 94104
*lking@kaplanfox.com*
Tel: 415.772.4700
Fax: 415.772.4707

I.   **INTRODUCTION**

Plaintiffs are current holders of homeowners insurance policies issued by Ft. Lauderdale-based Universal Property & Casualty Insurance Company ("Universal Insurance" or "Defendant"), the largest private insurer of residential property in Florida. Plaintiffs have discovered a security issue, and seek to file a related Class Action Complaint under seal because if the security issue enters the public domain before being resolved, it could lead to further public harm. For these reasons, as set forth in detail below, Plaintiffs, pursuant to Fed. R. Civ. P. 23(c) and Local Rule 5.4(b)(2), respectfully request that this Court temporarily seal this case pending confirmation of resolution of the issue.

II.  **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Because this motion to seal might not remain under seal, Plaintiffs incorporate by reference the discussion of facts in the CAC to protect the confidentiality of the information contained therein and to reduce burdens on this Court. *See* S.D. Fla. CM/ECF Administrative Procedures, Section 9A (requiring a second motion to file under seal if the original motion to file under seal itself is sought to be filed under seal).

III. **LEGAL STANDARDS: FRCP 23(c) AND LOCAL RULE 5.4(b)(2)**

Under Federal Rule of Civil Procedure 23(c), this Court "may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden and expense." The Court's authority to seal papers derives from this Rule, and encompasses complaints and motions. *See, e.g., Hillman Group Inc. v. Minute Key Inc.*, 2014 U.S. Dist. LEXIS 113575, at *18 (S.D. Ohio, Aug. 15, 2014). This Court's local rules also permit a case to be sealed in its entirety. S.D. Fla. Local Rule 5.4(b)(2).

Pleadings and motions are judicial records, and public policy usually favors a "common law right to inspect and copy judicial records." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, the "right to inspect and copy records is not absolute." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). Any right of access "must be balanced against any competing interest advanced." *United States v. Noriega*, 752 F. Supp. 1037, 1040 (S.D. Fla. 1990). The privacy interests of innocent third-parties is a paramount competing interest, and one which "should weigh heavily in a court's balancing equation in determining what portions of [] papers in question should remain sealed or should be redacted." *In the Matter of the New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

## IV.  ARGUMENT

Plaintiffs have discovered a security issue as detailed in the CAC. Because this issue remains unresolved, Plaintiffs request that this case, including the entire CAC, remain under seal. Making the CAC public now could provide a path for third-parties to inflict further harm on plaintiffs and third-parties. As noted above, the privacy of innocent third parties is a proper basis for sealing documents. *See Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000) ("When sensitive information pertains to non-parties . . . the balancing of interests in favor of protecting the privacy of the non-parties and against uninhibited access to the records is strengthened.").

Furthermore, this motion only requests a *temporary* sealing of the case. Once the Defendant can confirm that the security issue is resolved, a full sealing order would no longer be necessary. At that juncture, the parties can confer on any necessary redactions to the CAC and jointly propose them to the Court (or alternatively jointly confirm that redactions are not needed). *See, e.g., Shareholder Representative Services LLC v. Sandoz, Inc.*, Index No.

653506/2013, Order on Sealing Motion dated January 23, 2014 (New York Supr. Ct.) (temporarily sealing documents until parties conferred on redactions).

## V.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court temporarily seal this case until the data breach detailed in the CAC has been remedied. At that time, Plaintiffs propose conferring with Defendant on any necessary redactions and seeking approval from the Court.

Dated: March 7, 2016

                      Respectfully submitted,

                      **WITES & KAPETAN P.A.**

/s/ Marc A. Wites
Marc A. Wites
Fla. Bar No. 24783
4400 North Federal Highway
Lighthouse Point, FL  33064
*mwites@wklawyers.com*
Tel: 954.526.2729
Fax: 954-354-0205

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (*pro hac vice* to be sought)
David A. Straite (*pro hac vice* to be sought)
850 Third Avenue
New York, NY  10022
*dstraite@kaplanfox.com*
Tel.: 212.687.1980
Fax:  212.687.7714

              -and-

Laurence D. King (*pro hac vice* to be sought)
Mario M. Choi (*pro hac vice* to be sought)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Tel: 415.772.4700
Fax: 415.772.4707