# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Karen RODRIGUEZ, et al., individually and
on behalf of other similarly situated persons,

      Plaintiffs,

      v.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

      Defendant.

Case No. 16-cv-60442-COHN/SELTZER

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement") is made and entered into on January 31, 2017, by and among plaintiffs Karen Rodriguez, Antonio Rodriguez, Boris Shaykevich, and Yelena Shaykevich, on behalf of the proposed Class (as defined herein) (the "Plaintiffs") and defendant Universal Property & Casualty Insurance Company ("Defendant"). Where specifically indicated below, related entity Atlas Premium Finance Company ("Atlas") and related entity Universal Insurance Holdings, Inc. ("Universal Parent") are also parties to this Agreement. Plaintiffs, Defendant, Atlas, and Universal Parent are together the "Parties," and the litigation captioned above is the "Litigation." It is agreed by the undersigned counsel, on behalf of the Parties, that the Litigation and all related claims of the Parties and the Class be settled, compromised, and dismissed with prejudice, except as hereinafter provided in Section 15.2, without costs to the Parties or the Class, subject to approval by the Court, on the following agreed terms and conditions.

## TABLE OF CONTENTS

1.  CERTAIN DEFINITIONS ................................................................................................ 1

2.  CLASS DEFINITION AND CERTIFICATION.................................................................. 6

3.  EFFORTS TO EFFECT THIS SETTLEMENT AGREEMENT ......................................... 8

4.  INDEPENDENT PRIVACY AUDIT................................................................................. 9

5.  MANAGED RECOVERY AND RESTORATION SERVICES ....................................... 10

6.  IDENTITY THEFT REIMBURSEMENT INSURANCE ................................................. 12

7.  NON-RETALIATION ..................................................................................................... 13

8.  NOTICE TO THE CLASS .............................................................................................. 13

9.  ATTORNEYS' FEES AND EXPENSES.......................................................................... 14

10. MUTUAL RELEASE OF CLAIMS................................................................................. 16

11. NOTICES ....................................................................................................................... 17

12. EFFECTIVE DATE OF SETTLEMENT ......................................................................... 17

13. EXCLUSION AND TERMINATION ............................................................................. 18

14. STAY AND RESUMPTION OF LITIGATION .............................................................. 20

15. MISCELLANEOUS ....................................................................................................... 20

SCHEDULE OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Notice of Proposed Settlement of Class Action |
| B | Summary Notice of Settlement and Fairness Hearing |
| C | Proposed Order Preliminarily Approving Settlement, Authorizing Notice to the Class, and Scheduling Fairness Hearing |
| D | Proposed Judgment and Order of Final Approval |

1.      CERTAIN DEFINITIONS

In addition to the defined terms contained herein, the following definitions shall apply in this Settlement Agreement:

1.1      "Action," when capitalized, means the "Litigation."

1.2      "Agreement" means this Settlement Agreement.

1.3      "Atlas" means Atlas Premium Finance Company.

1.4      "Audit" means a technical review of the data security on Defendant's Lender Verification Web Portal by an Auditor.

1.5      "Audit Report" means a written report, provided by the Auditor, in accordance with this Settlement Agreement.

1.6      "Auditor" means a respected third party mutually selected by Defendant and Plaintiffs in accordance with this Agreement to conduct an Audit and create an Audit Report.

1.7      "CAFA Notice" means a notice of the Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"), to be served upon the appropriate State official of each State and the Attorney General of the United States.

1.8      "Class" means the Settlement Class as defined herein.

1.9       "Class Notice" means the Notice of Proposed Settlement of Class Action, a proposed version of which is attached as Exhibit A, and any other documents included with the Class Notice, which Defendant or a third-party administrator is to send to members of the Class.

1.10   "Complaint" means the Complaint filed under seal in this Action on or about March 7, 2016 [ECF No. 1].

1.11   "Court" means the United States District Court for the Southern District of Florida.

1.12   "Defendant" means Universal Property and Casualty Insurance Company.

1.13   "Defense Counsel" means Sidley Austin LLP and Akerman LLP.

1.14   "Effective Date" means the date that a Judgment approving the Settlement Agreement becomes Final.

1.15   "Final" means an order or judgment as to which there is no pending appeal, stay, motion for reconsideration, motion to vacate, or similar request for relief, and as to which the period of time for a party to seek any such appeal, stay, motion for reconsideration, motion to vacate, or similar request for relief has expired, or if any such appeal, stay, motion for reconsideration, motion to vacate, or similar request has been filed, after such appeal, stay, motion for reconsideration, motion to vacate, or similar request has been denied and the order or judgment has been upheld in all material respects and is no longer subject to review.

1.16   "Judgment" means a Judgment and Order of Final Approval to be entered by the Court following the settlement fairness hearing ("Fairness Hearing") finally approving the Settlement, certifying the Class for settlement purposes only, releasing the Settled Claims, and dismissing the Settled Claims with prejudice and without costs to any Party, in all material respects in the form attached hereto as Exhibit D.

2

1.17    "Lead Counsel" means collectively proposed Lead Counsel Kaplan Fox & Kilsheimer LLP and proposed Liaison Counsel Wites & Kapetan P.A.

1.18    "Lender Verification Web Portal" means the Internet-facing computer system maintained by or at the direction of Defendant at https://universalproperty.com/Services/LenderVerification.aspx that provides third-party access to Putative Class Member data and the URLs generated by the Defendant to provide access to these same documents.

1.19    "Litigation" means the action filed in the United States District Court for the Southern District of Florida bearing case number 16-cv-60442-CIV-COHN/SELTZER (S.D. Fla.), currently bearing the caption indicated on the first page of this Agreement.

1.20    "Notice," when capitalized, shall mean Class Notice.

1.21    "Participating Putative Class Member" means a Putative Class Member that does not exclude himself, herself, or itself by filing a request for exclusion in accordance with the requirements set forth in the Class Notice.

1.22    "Parties" means Defendant, Universal Parent, Atlas, and Plaintiffs, collectively.

1.23    "Plaintiffs" means Plaintiffs Karen Rodriguez, Antonio Rodriguez, Boris Shaykevich, and Yelena Shaykevich.

1.24    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit C, to be entered by the Court that will, for the limited purposes of this Settlement, preliminarily certify the Class for purposes of settlement only, preliminarily approve the Settlement, and order Class Notice.

3

1.25    "Putative Class Member" means a person or entity that is a member of the proposed Settlement Class.

1.26    "Released Parties" means those persons or entities who are released pursuant to Section 10 of this Agreement, and in the Class Notice.

1.27    "Settled Claims" means Settled Class Claims and Settled Defendant Claims, collectively.

1.28    "Settled Class Claims" means any and all claims, whether known or Unknown Claims, that were asserted or could have been asserted in the action by Plaintiffs or Putative Class Members, directly, derivatively, or in any other capacity, against the Defendant, Universal Parent, or Atlas, as well as each of their present or former parents, subsidiaries, affiliates, successors, or assigns, and the present or former officers, directors, employees, agents, attorneys, insurers, successors, and assigns of each of them, under state, federal, or foreign law, including without limitation all claims arising out of, or relating to, in whole or in part, the claims or facts and circumstances asserted in this Action.

1.29    "Settled Defendant Claims" means any and all claims, whether known or Unknown Claims, that were asserted or could have been asserted by Defendant, Universal Parent, or Atlas, or any of their current or former officers, directors, employees, subsidiaries, affiliates or agents, or any current or former employee of such subsidiary, affiliate or agent, against the Plaintiffs, Lead Counsel, and any Participating Putative Class Member and any of their employees, agents, attorneys, insurers, representatives, successors, or assigns of each of them, under state, federal, or foreign law, concerning or relating to the facts or claims in this Action.

4

1.30    "Settlement" means the settlement contemplated by this Settlement Agreement.

1.31    "Settlement Administrator" means a mutually agreeable third-party that Defendant has the option to retain for the purpose of administering Class Notice and performing such other usual and customary administrative functions as are required under this Settlement Agreement.

1.32    "Settlement Agreement" means this document and all exhibits hereto.

1.33    "Settlement Class" means, for purposes of this Settlement Agreement only, Defendant's customers and former customers defined and identified in Section 2 below.

1.34    "Summary Notice" means the Summary Notice of Settlement and Fairness Hearing, substantially in the form attached as Exhibit B.

1.35    "Term Sheet" means the Confidential Settlement Class Term Sheet signed by Defense Counsel on January 23, 2017 and by Lead Counsel on January 24, 2017.

1.36    "Universal Parent" means Universal Insurance Holdings, Inc.

1.37    "Unknown Claims" means: (i) any and all claims that Plaintiffs or any Putative Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement; and (ii) any and all claims that any Defendant does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to the Settled Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Putative Class Member shall be deemed to have

5

waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

2.    CLASS DEFINITION AND CERTIFICATION

2.1      For the sole purpose of the Settlement, the Parties stipulate, agree, and consent that the Class shall be defined as:

(a)    All current and former customers of Defendant who insured real property with Defendant between September 1, 2013 and March 31, 2016.  For the avoidance of doubt, two individuals who jointly insure real property shall both be Putative Class Members even if only one of the individuals holds a mortgage or appears on documents evidencing ownership of the real property.

(b)    The Class shall exclude Defendant, its past or current officers, directors, affiliates, legal representatives, predecessors, successors, assigns, and entities in which any of them have a controlling interest.  For the avoidance of doubt, also excluded are Universal Parent and Atlas and any entity in which any of them have a controlling interest, either directly or indirectly.  The Class also excludes all judicial officers assigned to this case as defined by 28 U.S.C. § 455(b) and their immediate families.

6

(c)     The Parties agree that certification of the Settlement Class is solely for the purpose of effecting this Settlement and, in the event the Settlement Agreement is not approved in all material respects or such approval is reversed, vacated, or modified in any material respect by this Court or any other court, the certification shall be deemed vacated and the Action shall proceed as if the Class had never been certified.

(d)     The Class shall also exclude persons who affirmatively, validly, and timely exclude themselves from the Class pursuant to the procedures described in the Notice and in Section 13 below.

2.2     For the sole purpose of the Settlement, the Parties stipulate, agree, and consent that the Class shall be conditionally certified pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, and that Defendant, Universal Parent, and Atlas will not oppose such a motion for certification.

2.3     For the sole purpose of the Settlement, Defendant, Universal Parent, and Atlas further stipulate, agree, and consent to appointment of Plaintiffs as class representatives.

2.4     For the sole purpose of the Settlement, Defendant, Universal Parent and Atlas further stipulate, agree, and consent to the appointment of Kaplan Fox & Kilsheimer LLP as Lead Counsel and Wites & Kapetan P.A. as Liaison Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

2.5     This is not a claims-made settlement.  All Putative Class Members receive the injunctive relief and financial benefit described in Sections 4 through 6 below without the need to file a claim form.

3.      EFFORTS TO EFFECT THIS SETTLEMENT AGREEMENT

        3.1      Cooperation:  Lead Counsel and Defense Counsel agree to cooperate fully with

one another in seeking Court approval of the Preliminary Approval Order, Final Approval Order,

and this Settlement, and to use reasonable best efforts to effect the consummation of the

Settlement.  Defendant also agrees to cooperate with Lead Counsel and the Settlement

Administrator (if any) in the identification of Putative Class Members and their contact

information.  Defendant further agrees:

        3.1.1    Defendant shall obtain the Audit Report and forward to Lead Counsel in a

timely fashion as detailed in Section 4.3 below.

        3.1.2.   Defendant shall provide a declaration of expenses associated with the

Audit to Lead Counsel in timely fashion as detailed in Section 4.3 below.

        3.1.3    No later than five (5) business days before the deadline to file the Motion

for Final Approval of this Settlement, Defendant shall provide a declaration of the reasonable

market value of the managed recovery and restoration services to Lead Counsel.  Such

declaration shall be made by the provider of these services.

        3.1.4    No later than five (5) business days before the deadline to file the Motion

for Final Approval of this Settlement, Defendant shall provide a declaration of the reasonable

market value of the identity theft reimbursement insurance to Lead Counsel.  Such declaration

shall be made by the provider of these services.

        3.1.5    Defendant shall provide a declaration of the expenses incurred in effecting

Class Notice in a timely fashion as detailed in Section 8.3 below.

        3.2      Motion for Preliminary Approval: Promptly following execution of this

Agreement, Plaintiffs shall apply to the Court for entry of the Preliminary Approval Order, in the

form attached hereto as Exhibit C, which will preliminarily approve the Settlement, certify the

Litigation to proceed as a class action for settlement purposes only, and preliminarily appoint

Lead Counsel as class counsel. If this Agreement is preliminarily approved by the Court, all

Plaintiffs and Putative Class Members are preliminarily enjoined and barred from commencing

or prosecuting any action asserting any of the Settled Class Claims, either directly,

representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim,

defense, or otherwise, in any local, state, or federal court, or in any agency, or other authority or

forum wherever located.

       3.3    <u>Motion for Final Approval and Entry of Final Judgment</u>:  After preliminary

approval of this Agreement, Plaintiffs shall submit a motion for final approval of this Settlement

by the deadline provided in the Preliminary Approval Order, after Class Notice, and shall seek

entry of the final Judgment, in substantially the form attached hereto as Exhibit D.

4.    <u>INDEPENDENT PRIVACY AUDIT</u>

       4.1    Within ten (10) business days after the Court enters the Preliminary Approval

Order, the Defendant and Plaintiffs shall meet and confer regarding the selection of an Auditor.

The Auditor must be mutually agreed, but no Party may withhold agreement in bad faith or other

vexatious reason.

       4.2    Promptly following the mutual selection of an Auditor, the Defendant shall

arrange the Audit and Audit Report.  Defendant shall be solely liable for any expenses related to

the Audit and Audit Report.  The Audit Report shall state whether the Lender Verification Web

Portal is now protected in a manner consistent with industry best practices following the filing of

the Complaint.  Without revealing confidential or sensitive information, the Audit Report shall

also briefly describe best practices sufficiently to enable appropriate Court evaluation.  If the

Audit Report confirms compliance with industry best practices, Plaintiffs and the Class shall be entitled to no further injunctive relief.  If the Audit Report does not confirm such compliance, the Audit Report shall specify what steps are necessary to achieve such compliance, Defendant shall cure such deficiency in an amount of time that is reasonable in light of the deficiency noted, and Defendant shall provide notice of the deficiency and cure to the Court and to Plaintiffs.  The Auditor may or may not perform any work to cure such deficiency, but the Auditor (or a new Auditor) will then either provide a confirmation of compliance or note further deficiencies.

4.3     The Defendant shall provide copies of the Audit Report to Lead Counsel no later than fifty (50) business days after the Effective Date.  Concurrent with the Audit Report, Defendant shall provide to Lead Counsel a declaration of all related expenses incurred in connection with the Audit (*i.*e, internal expenses, if separately tracked, and expenses paid to the Auditor).  Defendant may elect to exclude counsel fees from the declaration at its discretion.

5.     <u>MANAGED RECOVERY AND RESTORATION SERVICES</u>

5.1     For a period of two (2) years commencing on the Effective Date, Defendant agrees to provide all Participating Putative Class Members managed recovery and restoration services from ID Experts if any become victims of identity theft as defined in the ordinary course by ID Experts and as detailed in Section 5.2 below.  Participating Putative Class Members who believe they have become victims of identity theft will have the benefit of these services regardless of the origin of their identity theft.

5.2     Identity theft shall be defined in the ordinary course and shall include (but not be limited to): account creation, identity theft, medical record theft, account takeover, rental application, tax fraud, benefit fraud, and utility creation.

5.3     Managed recovery and restoration services shall include but not be limited to:

10

(a)   damage assessment plan of the Participating Putative Class Member's identity theft;

(b)   instructions on how to file an identity theft police report;

(c)   use of limited power of attorney to work on behalf of the affected Participating Putative Class Member; and

(d)   disputing and resolving any bills or collections resulting from fraudulent activities.

5.4     All Participating Putative Class Members will be covered by ID Experts' managed recovery and restoration services regardless of whether the Participating Putative Class Member's identity theft was related to the Lender Verification Web Portal and regardless of whether the identity theft pre-existed the Effective Date.  No Participating Putative Class Member needs to file any claim or submit any personal information to ID Experts to be covered unless and until the Participating Putative Class Member believes that he or she has become a victim of identity theft and wishes to use ID Experts' services, at which point the Participating Putative Class Member will have to notify ID Experts and provide the Participating Putative Class Member's name and enrollment information.  For verification purposes only, Defendant may provide the name, contact information, and policy number of Participating Putative Class Members to ID Experts after Final Approval of this Settlement.

5.5     Defendant and/or its insurer(s) shall be solely liable to pay any and all fees due to ID Experts in a timely fashion.  A detailed product description of ID Experts' managed recovery and restoration services shall also accompany the declaration and also accompany the Class Notice as discussed in Section 8.1 below.

6.    IDENTITY THEFT REIMBURSEMENT INSURANCE

6.1    For a period of one (1) year commencing on the Effective Date, Defendant agrees to provide for all Participating Putative Class Members an identity theft reimbursement insurance policy.  This insurance will reimburse Participating Putative Class Members for expenses associated with restoring a Participating Putative Class Member's identity if his or her identity is compromised.  If a Participating Putative Class Member's identity is compromised, the policy will provide for up to $1,000,000 of coverage with no deductible.

6.2    All Participating Putative Class Members will be covered by the policy regardless of whether the Participating Putative Class Member's identity theft was related to the Lender Verification Web Portal.  Unlike the managed recovery and restoration services benefit discussed in Section 5 above, however, the policy will not cover identity theft that pre-existed the Effective Date.  No Participating Putative Class Member needs to file any claim or submit any personal information to the insurance company or ID Experts to be covered by the policy unless and until the Participating Putative Class Member believes that he or she has become a victim of identity theft and wishes to make a claim on the policy, at which point the Participating Putative Class Member will have to notify ID Experts and provide the Participating Putative Class Member's name and enrollment information.  For verification purposes only, Defendant may provide the name, contact information, and policy number of Participating Putative Class Members to ID Experts and the insurance carrier after Final Approval of this Settlement.

6.3    Defendant shall select an appropriate insurance carrier on a date sufficiently early to comply with all deadlines in this Agreement.  The selected insurance carrier must be an A.M. Best "A-rated" carrier.

6.4     Defendant and/or its insurer(s) shall be solely liable to pay any and all fees due to the identity theft reimbursement insurance carrier in a timely fashion.  A detailed product description of the identity theft reimbursement insurance shall also accompany the declaration and also accompany the Class Notice as discussed in Section 8.1 below.

7.     <u>NON-RETALIATION</u>

Defendant, Universal Property, and Atlas, including their affiliates, will not retaliate against any Plaintiff, including any agent or counsel of Plaintiff, regarding renewal of insurance or any other issue in response to this Action.  Defendant may apply normal underwriting criteria to any Plaintiff.

8.     <u>NOTICE TO THE CLASS</u>

8.1     Defendant is responsible to provide individual direct email Class Notice to Putative Class Members for whom Defendant has email contact information, and hard copy Class Notice to Putative Class Members for whom email Class Notice is undeliverable or unavailable.

(a)     The text of the Notice email (or text of the hard copy Notice) shall contain the Summary Notice, a proposed version of which is attached as Exhibit B.

(b)     The Notice email (or the hard copy Notice) shall also be accompanied by the full Notice, a proposed version of which is attached as Exhibit A.

(c)     The Notice email (or the hard copy Notice) shall also be accompanied by the product descriptions, as discussed in Sections 5.5 and 6.4 above.

13

8.2     Defendant is solely responsible for all costs associated with effecting Class Notice and related administration services.  At its sole discretion, Defendant may opt to engage ID Experts or a settlement administrator for any portion of its Class Notice duties, but must do so on a date sufficiently early to meet all deadlines in this Agreement.  If Defendant elects to engage a settlement administrator other than ID Experts, Plaintiffs must first agree to the identity of the administrator.  Plaintiffs may not withhold approval in bad faith or other vexatious reason.

8.3     Defendant shall file a Notice of Compliance with the Court confirming compliance with this Section 8 no later than the date specified in the Preliminary Approval Order (or, if such date is absent in the Preliminary Approval Order, no later than five (5) business days before the Plaintiffs' deadline to file the Motion for Final Approval of this Settlement).  On or before the deadline for filing the Notice of Compliance, Defendant shall provide to Lead Counsel a declaration of the expenses incurred in providing Class Notice.  The Notice of Compliance shall also report the number of notices sent, the number of Putative Class Members that exercise their exclusion rights, and the number of Putative Class Members that have objected.

9.     <u>ATTORNEYS' FEES AND EXPENSES</u>

9.1     Lead Counsel may collectively apply to the Court for an award of attorneys' fees and actual expenses, and approval of awards to the Plaintiffs (the "Fee Application"), to be paid solely by Defendant and/or its insurer(s).  To the extent that Lead Counsel incur expenses (but not fees) subsequent to the filing of the Fee Application, Lead Counsel may apply for reimbursement of those expenses (but not fees).

9.2     This Agreement is not conditioned on Defendant's agreement to support the Fee Application or any aspect thereof.  However, Defendant agrees not oppose the Fee Application to the extent Lead Counsel request no more than $850,000 in combined fees and expenses and

14

awards of no more than $7,500 individually to Karen Rodriguez, $7,500 individually to Antonio Rodriguez, and $7,500 jointly to Boris and Yelena Shaykevich.  Plaintiffs Karen Rodriguez and Antonio Rodriguez represent that they have no known family relation and insure different homes with different insurance policies.

9.3     Upon Court approval of any awards of attorneys' fees and expenses to counsel and any awards of incentive awards to Plaintiffs, Defendant and/or its insurer(s) shall pay such awards (the "Fee and Expense Awards") to Lead Counsel within three (3) business days after the entry of the later of (a) the Court's order granting the Fee and Expense Awards, and (b) the Judgment.

9.4     If the Effective Date does not occur or if this Settlement Agreement is terminated, then any Fee and Expense Awards are no longer payable.    In the event that Defendant pays any portion of the Fee and Expense Awards to Counsel, and the Effective Date does not occur or this Agreement is terminated, each Lead Counsel, respectively, shall have the obligation to, and shall within ten (10) business days from the event which precludes the Effective Date from occurring or the termination of the Agreement, refund to the Fee and Expense Awards, paid to each Lead Counsel, respectively.  Lead Counsel, as a condition of receiving such Fee and Expense Awards, agrees that they are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this Paragraph 9.4 and Paragraph 9.5 below.

9.5     If any Fee and Expense Award is reduced or reversed on appeal, Lead Counsel receiving such Fee and Expense Award shall have the obligation to, and shall within ten (10) business days from the date of a Final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, make such refunds as are required by such Final order.

9.6     The procedure for and the allowance or disallowance by the Court of any

application by Lead Counsel for the Fee and Expense Awards is not a necessary term of the

Settlement or this Agreement and it is not a condition of this Agreement that any particular

application for attorneys' fees or expenses be approved.

10.     <u>MUTUAL RELEASE OF CLAIMS</u>

10.1     Upon the entry of Judgment, Lead Plaintiffs and Participating Putative Class

Members, on behalf of themselves and their heirs, executors, administrators and assigns, any

person(s) they represent, and any related persons or entities, shall be deemed by this Settlement to,

and shall, forever release, waive, dismiss, and discharge the Settled Class Claims, and shall be

deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one

of the Settled Class Claims.  It is an important element to the Parties' participation in this

Settlement that they obtain the fullest possible release from liability to each other relating to the

Settled Class Claims and Settled Defendant Claims, and it is the intention of the Parties that any

liability of the Parties relating to the Settled Class Claims and Settled Defendant Claims be

eliminated and that this release be construed broadly. If the Final Order does not order dismissal

of the Litigation, Plaintiffs shall voluntarily dismiss with prejudice this Litigation within five (5)

business days of the Effective date of this Settlement.

10.2     Upon the entry of Judgment, Defendant, Universal Parent, and Atlas, on behalf

themselves and their heirs, executors, administrators, and assigns, and any person(s) they

represent, as well as any of their current and former officers and directors, shall be deemed by

this Settlement to, and shall release, waive, dismiss, and forever discharge the Settled Defendant

Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting

each and every one of the Settled Defendant Claims.

11.    <u>NOTICES</u>

If any Party is required to give notice to any other Party under this Agreement, such

notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-

delivery, overnight courier, or email transmission <u>with confirmation of receipt</u> (confirmation

shall not be withheld in bad faith if requested), and shall be addressed as follows:

To Plaintiffs and the Class:

> Frederic S. Fox, Esq.
> David A. Straite, Esq.
> KAPLAN FOX & KILSHEIMER LLP
> 850 Third Avenue
> New York, NY  10023
> (212) 687-1980

To Defendant, Universal Property and Atlas:

> Edward R. McNicholas
> Clayton G. Northouse
> SIDLEY AUSTIN LLP
> 1501 K Street, NW
> Washington, DC  20005
> (202) 736-8000

12.    <u>EFFECTIVE DATE OF SETTLEMENT</u>

The Effective Date of this Settlement shall be the first business day on which all of the

following shall have occurred or been waived by all Parties:

(a)    Entry of the Preliminary Approval Order, which shall be in all material

respects substantially in the form set forth in Exhibit C annexed hereto;

(b)    Final approval by the Court of the Settlement, following Class Notice, as

prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

17

(c)     a Judgment, which shall be in all material respects substantially in the

form set forth in Exhibit D annexed hereto, will have been entered by the

Court and will have become Final.

13.    EXCLUSION AND TERMINATION

13.1    All Putative Class Members who properly deliver to the Settlement

Administrator a timely written request to opt-out of the Settlement shall be excluded from the

Settlement Class, shall have no rights as members of the Settlement Class pursuant to this

Settlement Agreement, and shall receive no payments as provided herein.  A request for

exclusion from the Settlement Class must (a) be in writing; (b) state the name, address, and

phone number of the Putative Class Member(s) seeking exclusion; (c) contain a signed statement

with words to the material effect that:  "I/We hereby request to be excluded from the proposed

Settlement Class in the Universal Property Litigation"; (d) be mailed to the Settlement

Administrator at the address provided in the Notice; and (e) be post-marked no later than forty-

five (45) days after the Notice is first delivered.  A request for exclusion that does not include all

of the foregoing information, that is sent to an address other than the one designated in the

Notice, or that is not post-marked within the time specified, shall be invalid, and the person(s)

serving such a request shall be deemed member(s) of the Settlement Class, and shall be bound as

Participating Putative Class Member(s) by the Settlement.  The Settlement Administrator shall

promptly forward copies of all requests for exclusion to Lead Counsel and Defense Counsel.

13.2    The Parties shall have the right to terminate the Settlement and this Agreement

by providing written notice of their election to do so to all other Parties within ten (10) calendar

days of:

18

(a)     the Court's declining to enter the Preliminary Approval Order in any

material respect;

(b)     the Court's refusal to approve the Agreement or any material part of it;

(c)     the Court's declining to enter the Judgment in any material respect; or

(d)     the date upon which the Judgment is modified or reversed in any

material respect by the Court of Appeals or the Supreme Court of the

United States.

Any order of the Court or any appellate court with respect to the application(s) for or award(s) of

attorneys' fees and expenses to Lead Counsel or Plaintiffs shall not be grounds for termination.

13.3     Plaintiffs shall also have the right to terminate the Settlement in the event that

Defendant materially breaches its obligations in Sections 4, 5, 6, and 8 above.  Any notice of

termination pursuant to this Section must be given within 10 days of the Plaintiff's discovery of

the permitted grounds for termination.

13.4     In addition to the grounds set forth in Section 13.2 above, the Defendant,

Universal Parent, and Atlas shall have the right to terminate the Settlement and render it null and

void in the event that 5% or more of the members of the Settlement Class timely and validly

request exclusion from the Settlement Class on or before the deadline set by the Court.

13.5     If an option to withdraw from and terminate this Agreement and Settlement

arises under this Section: (i) no Party will be required for any reason or under any

circumstance to exercise that option; and (ii) any exercise of that option shall be made in good

faith, but in the sole and unfettered discretion of the opting Party.  Any decision to withdraw

from and terminate this Agreement and Settlement by Defendant, Universal Parent, or Atlas

requires the consent of <u>all three entities</u>.  In the case of Lead Plaintiffs' decision to withdraw

and terminate, <u>all four</u> Lead Plaintiffs must agree to do so.

13.6     If the Settlement is validly terminated pursuant to the terms hereof in good faith,

no Party shall have the right of recover any consequential costs, expenses, or damages as a

result thereof.

14.     <u>STAY AND RESUMPTION OF LITIGATION</u>

The Parties agree that all further proceedings related to the Litigation shall be stayed

during the course of the Settlement proceedings, but shall promptly recommence in a reasonable

manner, with a further schedule to be approved by the Court, if the Settlement is not

preliminarily or finally approved by the Court or the Settlement does not otherwise become

Final.

15.     <u>MISCELLANEOUS</u>

15.1     <u>Governing Law</u>: The construction, interpretation, operation, effect, and validity of

this Agreement, and all documents necessary to effectuate it, shall be governed by the internal

laws of the State of Florida without regard to conflict of laws, except to the extent that federal

law requires that federal law govern.

15.2     <u>Jurisdiction</u>: Without affecting the finality of the Judgment entered in accordance

with this Agreement, the Court shall retain jurisdiction with respect to implementation and

enforcement of the terms of the Agreement and Judgment, and the Parties submit to the

jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in

the Agreement and Judgment.

15.3     <u>No Party is the Drafter</u>: This Agreement shall not be construed more strictly

against one Party than another merely by virtue of the fact that it, or any part of it, may have

been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties and their counsel.

15.4    Integration:

(a)    All of the Exhibits attached hereto are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein.

(b)    This Settlement Agreement and its Exhibits constitute the entire agreement among the Parties concerning the Settlement of the Litigation, and no representations, warranties, or inducements have been made by any Party concerning this Agreement and its exhibits other than those contained and memorialized herein.

(c)    In the event of ambiguity, the Settlement Agreement is to be interpreted as consistently as reasonably possible with the Term Sheet.  To the extent any terms differ, the Settlement Agreement supersedes the Term Sheet. The Term Sheet is a confidential document, and all Parties agree to keep it strictly confidential unless disclosure to the Court is necessary in any dispute over the meaning of this Agreement or unless otherwise ordered by the Court.

15.5    Headings: The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

15.6    No Admission; Non-Evidentiary Use

(a)    Defendant has denied, and continues to deny, any and all allegations and claims asserted in the Litigation, and Defendant is entering into this

21

Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation.

(b)     This Settlement Agreement represents a compromise of disputed claims and the negotiations, discussions, and communications in connection with or leading up to and including the Settlement are not and shall not be construed as admissions or concessions by any of the Parties, either as to any liability or wrongdoing or as to the merits of any claim or defense. Neither the existence of this Settlement Agreement nor any of its provisions shall be offered or received against or to the prejudice of any party or its agents in the Litigation or in any other action, arbitration or proceeding as admissions or concessions of liability or wrongdoing of any nature on the part of the other Party, or as admissions or concessions concerning the merits of any claim or defense, other than in connection with any action, motion or proceeding to enforce the terms of this Settlement Agreement.

(c)     The Parties and their respective counsel may file this Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection

22

granted them under any applicable insurance policy.  The Parties may file this Settlement Agreement and/or the Judgment in any action that may be brought to enforce the terms of this Settlement Agreement and/or the Judgment.  All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

      (d)    The Parties agree that each, and their respective counsel, has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure.

15.7  <u>Execution in Counterparts</u>: This Agreement may be executed in one or more counterparts, including signature transmitted by facsimile or in PDF format.  Each Party agrees to preserve the original of any signature page transmitted electronically at least until the Effective Date.  Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

15.8  <u>Binding on Successors and Assigns</u>: This Agreement shall be binding upon, and inure to the benefit of, the Parties hereto and their successors and assigns.

15.9  <u>All Changes in Writing</u>:  This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by Parties or their successors or assigns.

15.10  <u>Prior Confidentiality Agreements Survive</u>: All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Agreement.

15.11    Class Action Fairness Act: Defendants shall be solely responsible for compliance with any CAFA Notice requirements and (if required) shall take steps to comply with such notice requirements in as expeditious a manner as possible so as to not cause delay in the scheduling of a final settlement approval hearing.

15.12    Authority: All counsel and all other persons executing this Agreement or any of the exhibits hereto, or any incorporated Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

15.13    Reliance on Representations:  The Parties each warrant that, in entering into this Settlement, they relied solely upon their own knowledge and investigation, and not upon any promise, representation, warranty, or other statement by any other Party not expressly contained in this Agreement or any of the incorporated Settlement documents.

15.14    Appropriate Media Statements: Subject to the preliminary approval order issued by the Court, neither the Parties nor their counsel shall issue any press release, or make any statement to any media or press of any sort, regarding this Settlement, including any references on websites maintained by Plaintiffs or their counsel that fails to recognize that the Defendant does not admit liability or that would serve to undermine the purpose of settlement.


[SIGNATURE PAGE TO FOLLOW]


24

IN WITNESS WHEREOF, the Parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of the date first written above.

**SIDLEY AUSTIN LLP**

Edward R. McNicholas (admitted *pro hac vice*)
Clayton G. Northouse (admitted *pro hac vice*)
1501 K Street, NW
Washington, DC 20005
*emcnicholas@sidley.com*

Tel: 202-736-8010
Fax: 202-736-7811

**AKERMAN LLP**

Marcy Levine Aldrich
Bryan T. West
Three Brickell City Centre, Suite 1100
98 Southeast Seventh Street
Miami, FL 33131
*marcy.aldrich@akerman.com*
*bryan.west@akerman.com*
Tel.: 305-374-5600
Fax: 305-374-5095

*Counsel for Defendant, Universal Parent,*
*and Atlas*

**KAPLAN FOX & KILSHEIMER LLP**

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
*dstraite@kaplanfox.com*

Tel.: 212.687.1980
Fax: 212.687.7714

-and-
Laurence D. King (admitted *pro hac vice*)
Mario M. Choi (admitted *pro hac vice*)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Tel: 415.772.4700
Fax: 415.772.4707

**WITES & KAPETAN P.A.**

Marc Wites

4400 North Federal Highway
Lighthouse Point, FL 33064
*mwites@wklawyers.com*

Tel: 954.526.2729
Fax: 954-354-0205

*Counsel for Plaintiffs*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

KAREN RODRIGUEZ, *et al.*, individually and
on behalf of other similarly situated persons,

*Plaintiffs*,

v.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

*Defendant*.

Case No. 16-60442-CIV-COHN/SELTZER

**NOTICE OF CLASS ACTION
SETTLEMENT**

**If You Insured Real Property With Universal Property & Casualty Insurance Company
Between September 1, 2013 and March 31, 2016, You Can Receive Relief from a Class
Action Settlement.**

(A federal court authorized this notice. This is not a solicitation from a lawyer.)

Your legal rights are affected whether or not you act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **RECEIVE BENEFITS** | You will receive ID Experts' managed recovery and restoration services for identity theft victims for two years and identity theft reimbursement insurance for one year, unless you exclude yourself from the class.  The Court still has to decide whether to approve this settlement. These services will be offered at no cost to you if the Court approves this settlement, and after any appeals are resolved. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | If you validly and timely exclude yourself from the class, you will not receive ID Experts' managed recovery and restoration services for identity theft victims or identify theft reimbursement insurance.<br><br>This is the only option that allows you to pursue your own claims by filing your own lawsuit at your own expense. |
| **COMMENT BY [DATE]** | You may write to the Court about why you do, or do not, like the settlement. You cannot, however, object to the settlement and also exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON [DATE]** | You may ask to speak to the Court about the fairness of the settlement. |

1

These rights and options, and the deadlines to exercise them, are explained in this notice.

**1.  Why should I read this notice?**

On [DATE], this Court preliminarily approved a settlement of this case (the "Litigation"). This notice describes the settlement. Your rights and options—and the deadlines to exercise them—are explained in this notice. Your legal rights are affected regardless of whether or not you act.

**2.  What is the Litigation about?**

Universal Property & Casualty Insurance Company ("Universal Property") sells residential property insurance. As is standard in the industry, Universal Property allows its customers' mortgage lenders to verify insurance coverage via the Internet on a specially designated place on the company's website (the "Lender Verification Portal").  On March 7, 2016, four customers filed a class action in federal court in Florida on behalf of themselves and other Universal Property customers, alleging that customers' insurance declaration and evidence of insurance pages ("Insurance Documents") were available on the Lender Verification Portal without sufficient security procedures in place. The Insurance Documents contain customer information that the plaintiffs regard as sensitive.

No allegations related to improper access or use of the Insurance Documents have been made, and Universal Property stands by its website security procedures. The parties conducted discovery, and the parties conducted a full-day mediation with a retired federal judge on December 8, 2016.  On January [DAY], 2017, the parties agreed to a settlement of all claims.

**3.  Why is there a settlement?**

The Court has not decided in favor of either side in the case. Universal Property is settling to avoid the expense, inconvenience, and inherent risk of litigation, as well as the disruption of its business operations. Plaintiffs and their attorneys assert that the settlement is in the best interests of the Settlement Class because it provides a fair and reasonable recovery now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

**4.  Who is included in the settlement?**

The Settlement Class is defined as all persons who insured real property with Universal Property between September 1, 2013 and March 31, 2016. Excluded from the class are past or current officers, directors, affiliates, legal representatives, predecessors, successors, and assigns of Universal Property, any entity in which any of them have a controlling interest, and all judicial officers assigned to this case as defined by 28 U.S.C. § 455(b), and their immediate families. Also excluded from the Settlement Class are all persons who submit valid requests for exclusion from the Settlement Class (see Question No. 7, below).

**5.  What does the settlement provide?**

Universal Property agrees to provide managed recovery and restoration services for identity theft victims, identity theft reimbursement insurance, injunctive relief, incentive awards to the class representatives, attorneys' fees for class counsel, and notice and administration costs.

a.  **Managed Recovery and Restoration Services.** Universal Property agrees to provide the Settlement Class with ID Experts' managed recovery and restoration services for any class member who becomes the victim of identity theft. Even though no one has alleged

identity theft in this Litigation, all members of the Settlement Class will have the benefit of these services for two years, regardless of the origin of their identity theft. ID Experts' fully-managed recovery service provides recovery and restoration for identity theft issues such as (but not limited to): account creation, identity theft, medical record theft, account takeover, rental application, tax fraud, benefit fraud, and utility creation. ID Experts will provide services for individuals who report suspicious activity, assign an IDCare Specialist to fully manage identity theft issues, and provide expert guidance for those with questions about identity theft and protective measures. Further information about ID Experts and this service accompanies this Notice.

b. **Identity Theft Reimbursement Insurance.** Universal Property also agrees to provide the Settlement Class with identity theft reimbursement insurance. Even though no one has alleged identity theft, all members of the Settlement Class will have the benefit of these services for one year. This insurance will reimburse members for expenses associated with restoring a class member's identity should they become a victim of identity theft during the policy period. If a member's identity is compromised, the policy provides coverage for up to $1,000,000 with no deductible, from an A.M. Best "A-rated" carrier. Coverage is subject to the terms, limits, and exclusions of the policy; no pre-existing identity theft is covered. Further information about this insurance benefit accompanies this Notice.

c. **Injunctive Relief.** Universal Property agrees to a privacy audit conducted independently by an auditor to confirm that customer personal information available via the Lender Verification Portal is protected in a manner consistent with industry best practices.

d. **Incentive Awards, Attorneys' Fees, and Costs.** Universal Property agrees to pay incentive awards to the class representatives (see Question No. 6.a, below), attorneys' fees for class counsel (see Question No. 6.b, below), and notice and administration costs.

## 6. Who represents the Settlement Class?

a. **Class Representatives.** For purposes of the settlement, the Court has appointed the following plaintiffs named in the Litigation to serve as the class representatives: Karen Rodriguez, Antonio Rodriguez, Boris Shaykevich, and Yelena Shaykevich. Settlement Class Counsel will request incentive awards up to the amount of $7,500 for Karen Rodriguez, $7,500 for Antonio Rodriguez, and $7,500 for Mr. Boris Shaykevich and Mrs. Yelena Shaykevich together.

b. **Settlement Class Counsel**. The Court has appointed the following attorneys and law firms to represent the Settlement Class as legal counsel: KAPLAN FOX & KILSHEIMER LLP, 850 Third Avenue, New York, New York 10022, as Lead Class Counsel; and WITES & KAPETAN, P.A., 4400 North Federal Highway, Lighthouse Point, Florida, 33064, as Liaison Class Counsel. From the inception of the Litigation to the present, Settlement Class Counsel have not received any payment for their services in prosecuting the Litigation or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Settlement Class Counsel will apply to the Court for an award of attorneys' fees and actual expenses not to exceed $850,000. Any amount approved by the Court would be paid by Universal Property, and not by any Class Member.

3

| **7.   How can I exclude myself from the Settlement Class?** |
|---|

To exclude yourself from the Settlement Class, you must send a letter saying that you want to be excluded from the class in the Universal Property Litigation. Your written exclusion request must include your name, address, telephone number, and signature, and a statement to the effect that: "I/We hereby request to be excluded from the proposed Settlement Class in the Universal Property Litigation." Your exclusion request must be post-marked and sent to the following address no later than [DATE]: Universal Property Settlement c/o Settlement Administrator, [ADDRESS OF SETTLEMENT ADMINISTRATOR].

If you elect to exclude yourself, you will (i) not be bound by any further orders or judgments in this case, and (ii) remain able to pursue claims alleged in the Litigation against Universal Property by filing your own lawsuit at your own expense. If you proceed on an individual basis, you may receive nothing at all, or more, or less, of a benefit than you would otherwise receive under this settlement.

| **8.   How can I tell the Court what I think about the settlement?** |
|---|

If you do not exclude yourself from the Settlement Class, you can comment in support of or in opposition to the settlement. Your objection or comment must be submitted in writing to all three (3) of the following addresses below and must be post-marked by [DATE]:

Court:  
Clerk of Court, United States District Court  
Southern District of Florida  
U.S. Federal Building and Courthouse  
299 East Broward Boulevard #108  
Fort Lauderdale, Florida 33301

Settlement Class Counsel:  
Frederic S. Fox  
David A. Straite  
KAPLAN FOX & KILSHEIMER LLP  
850 Third Avenue,  
New York, New York 10022

Universal Property's Counsel:  
Edward R. McNicholas  
SIDLEY AUSTIN LLP  
1501 K Street, N.W.  
Washington, D.C. 20005

The objection or comment must include the case name and number (*Rodriguez, et al. v. Universal Property & Casualty Insurance Co.*, No. 16-cv-60442) and also include: (a) your full name, address, and telephone number; (b) a signed statement that you are a member of the Settlement Class; (c) the grounds for your objection or comment; (d) whether you and/or your attorney (if any) intend to appear at the Fairness Hearing (see Question No. 10, below); and (e) the name, address, and telephone number of the attorney, if any, who will appear.

The Court will consider all comments from Settlement Class members. To appeal from any provision of the order approving the settlement as fair, reasonable, and adequate, the award of incentive payments, or the award of reasonable attorneys' fees and expenses paid by Universal Property and awarded to Settlement Class Counsel, you must appear in person or through your counsel, or, ask the Court in your objection to excuse such appearance prior to the Fairness Hearing.

### 9.   What is the effect of final settlement approval?

If the Court grants final approval to the settlement, all members of the Settlement Class will release all claims or causes of action arising from or relating to all claims that were or could have been asserted in the Litigation. All members of the Settlement Class who do not exclude themselves from the Settlement Class will <u>release any claims they may have, including any future claims</u>, against Universal Property and related entities covered by the release. You may refer to 10.1 of the Settlement Agreement for a full description of the claims and persons that will be released upon final approval of the settlement.

You can obtain a copy of the Settlement Agreement (i) from the Clerk of the Court, (ii) online at [URL], (iii) by writing to Universal Property Settlement c/o Settlement Administrator, [ADDRESS OF SETTLEMENT ADMINISTRATOR], or (iv) by calling the toll-free number [PHONE NUMBER]. If you do not wish to be a Settlement Class member, you must exclude yourself from the Settlement Class (see Question No. 7, above).

**If the settlement is not approved, the case will proceed as if no settlement had been attempted. There can be no assurance that if the settlement is not approved and litigation resumes, the Settlement Class will recover more than is provided for under the settlement, or will recover anything.**

### 10.  When and where will the Court hold a hearing on the fairness of the settlement?

A Fairness Hearing has been set for [DATE], at [TIME] before Judge James I. Cohn in the Southern District of Florida, [LOCATION]. At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed settlement, including the amount requested by Settlement Class Counsel for attorneys' fees and expenses, and incentive awards for the plaintiffs. The motions for attorneys' fees and costs and plaintiff incentive awards will be posted on the settlement website after they are filed. You do not need to attend the Fairness Hearing to remain a member of the Settlement Class or receive the relief provided by the settlement (see Question No. 5, above).

### 11.  How do I receive the relief provided by the settlement?

You are part of the Settlement Class and the injunctive relief will inure to your benefit automatically. Likewise, you will receive ID Experts' managed recovery and restoration services for identity theft victims for two years and identity theft reimbursement insurance for one year automatically, unless you take action to exclude yourself from the Settlement Class. (see Question No. 5, above). You do not need to submit any personal information or a claim form to receive these coverages until such time that you become a victim of identity theft.

### 12.  Where do I get additional information?

This notice provides only a summary of the matters relating to the settlement. For more detailed information, you may wish to review the Settlement Agreement dated [DATE]. You can view the Settlement Agreement and get more information at [URL]. You can also get more information by writing to Settlement Class Counsel at the addresses listed in Question #8 or calling toll-free [PHONE NUMBER]. The Settlement Agreement and all other pleadings and papers filed in connection with the settlement are available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court, Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard #108, Fort Lauderdale, Florida 33301.

**PLEASE DO <u>NOT</u> CONTACT THE COURT OR UNIVERSAL PROPERTY WITH QUESTIONS ABOUT THE SETTLEMENT.**

# EXHIBIT B

**If You Insured Real Property With Universal Property & Casualty Insurance Company Between September 1, 2013 and March 31, 2016, You Can Receive Relief from a Class Action Settlement.**

A class action settlement has been preliminarily approved in *Rodriguez, et al. v. Universal Property*, No. 16-cv-60442 (S.D. Florida). Your rights may be affected by this settlement. Plaintiffs allege that Universal Property customers' insurance declaration and evidence of insurance pages were accessible on Universal Property's website without sufficient security procedures in place. Universal Property stands by its website security procedures. The Court has not decided in favor of either side.

As part of a settlement, in order to avoid the expense, inconvenience, and inherent risk of litigation, Universal Property has agreed to provide managed recovery and restoration services for identity theft victims, identity theft reimbursement insurance, injunctive relief, incentive awards to the class representatives, attorneys' fees for class counsel, and notice and administration costs.

### Who Is A Class Member?

The Settlement Class includes all persons who insured real property with Universal Property between September 1, 2013 and March 31, 2016.

### What Does the Settlement Provide to Class Members?

You will receive ID Experts' managed recovery and restoration services for identity theft victims for two years and identity theft reimbursement insurance for one year. Universal Property will also undergo a Privacy Audit of the lender verification portal of its website to confirm compliance with industry best data protection practices.

### What Do You Need to Do?

You are part of the Settlement Class and will receive ID Experts' managed recovery and restoration services for identity theft victims for two years and identity theft reimbursement insurance for one year, unless you take action to exclude yourself from the Settlement Class. The Court still has to decide whether to approve this settlement. These services will be offered if the Court approves this settlement, and after any appeals are resolved.

**To exclude yourself from the Settlement Class**, you must submit a written exclusion postmarked by [DATE]. If you do so, you will not receive managed recovery and restoration services for identity theft victims or identity theft reimbursement insurance, but you will retain your right to sue on your own regarding these claims. **If you do not exclude yourself, you can object to the terms of the settlement.** If you wish to object to the settlement, you must submit a written objection postmarked by [DATE]. Instructions on how to exclude yourself or object can be found on the settlement website at [URL]. All members of the Settlement Class who do not exclude themselves will <u>release any and all claims, including future claims,</u> related to the allegations made by the plaintiffs in this case.

A final hearing will be held on [DATE] at [TIME] at [LOCATION], to determine the fairness, reasonableness, and adequacy of the settlement, to award attorneys' fees and costs, and to make

1

incentive awards to the Class Representatives. The motions for attorneys' fees and costs and Class Representative awards will be posted on the settlement website after they are filed. To appeal from any provision of the order approving the settlement as fair, reasonable, and adequate, the award of incentive payments, or the award of reasonable attorneys' fees and expenses paid by Universal Property and awarded to Settlement Class Counsel, you must appear in person or through your counsel, or, ask the Court in your objection to excuse such appearance prior to the Fairness Hearing.

For detailed information and notices, **or to review the Settlement Agreement**, visit [URL], or write to: Universal Property Settlement c/o Settlement Administrator, [ADDRESS OF SETTLEMENT ADMINISTRATOR], or call [PHONE NUMBER].

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Karen RODRIGUEZ, et al., individually and
on behalf of other similarly situated persons,

      Plaintiffs,

      v.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

      Defendant.

Case No. 16-cv-60442-COHN/SELTZER

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT
AND GRANTING MOTION FOR CLASS CERTIFICATION
AND APPOINTMENT OF CLASS COUNSEL**

Plaintiffs Karen Rodriguez, Antonio Rodriguez, Boris Shaykevich, and Yelena

Shaykevich, on behalf of the proposed Class (as defined herein) (the "Plaintiffs") by and through

counsel, moved this Court on February ___, 2017 (the "Motion") for an order: (i) preliminarily

approving a settlement of all claims in this action on a class-wide basis; (ii) approving the

parties' requested form and manner of Notice; (iii) granting certification of a proposed settlement

class of certain customers and former customers of defendant Universal Property & Casualty

Insurance Company ("Defendant"); (iv) appointing Plaintiffs as class representatives; and (v)

appointing the firm of Kaplan Fox & Kilsheimer LLP as lead class counsel and the firm of Wites

& Kapetan P.A. as liaison class counsel.  In support of the Motion, the Plaintiffs have submitted

a Settlement Agreement between themselves and Defendant (including, with respect to some

portions, affiliated entities Atlas Premium Finance Company and Universal Insurance Holdings,

Inc.) dated January 31, 2017 (the "Agreement"), which is subject to review under Rule 23 of the

1

Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in this action.

The Court has reviewed and considered the Agreement, including the appended proposed "Notice of Proposed Settlement of Class Action" (the "Notice"), the proposed "Summary Notice," the proposed form of Order and Final Judgment, and submissions made relating thereto.  The Court further understands that Defendant does not oppose the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this _____ day of _____, 2017, that:

1.      Where appropriate, capitalized terms used herein have the meanings defined in the Agreement.

2.      This Action is STAYED until further notice with the exception of the deadlines outlined below.  The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class Members; (c) the claims of the Proposed Class Representatives are typical of the claims of the Class they seek to represent; (d) the Proposed Class Representatives will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

3. Pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Court hereby preliminarily certifies the following Class:

 a. All current and former customers of Defendant who insured real property with Defendant between September 1, 2013 and March 31, 2016. For the avoidance of doubt, two individuals who jointly insure real property shall both be Class Members even if only one of the individuals holds a mortgage or appears on documents evidencing ownership of the real property.

 b. The Class shall exclude Defendant, its past or current officers, directors, affiliates, legal representatives, predecessors, successors, assigns and entities in which any of them have a controlling interest. For the avoidance of doubt, also excluded are Universal Parent and Atlas and any entity in which any of them have a controlling interest, either directly or indirectly.

 c. The Class also excludes all judicial officers assigned to this case as defined by 28 U.S.C. § 455(b), and their immediate families.

 d. The Class shall also exclude persons who affirmatively, validly, and timely exclude themselves from the Class pursuant to the procedures described in the Notice.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, the Plaintiffs are certified as the class representatives,

Kaplan Fox & Kilsheimer, LLP is appointed lead class counsel ("Lead Counsel"); and Wites & Kapetan P.A. is appointed liaison class counsel ("Liaison Counsel") (together, "Class Counsel").

5.      This action shall be re-captioned as follows, and all filings on this docket should bear this caption going forward:

| | |
|---|---|
| IN RE: UNIVERSAL PROPERTY DATA PRIVACY LITIGATION | No. 16-60442-CIV-COHN/SELTZER |

6.      In further aid of the Court's jurisdiction to implement and enforce the Settlement Agreement, Plaintiffs and Class Members are preliminarily enjoined and barred from commencing or prosecuting any action or proceeding asserting any of the Settled Class Claims either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any court.

7.      A hearing (the "Final Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on _____ _____, 2017 at____ _____ for the following purposes:

      a.      to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

      b.      to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

      c.      to finally determine whether the Order and Final Judgment as provided under the Settlement Agreement should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the

4

release by the Class of the Released Parties as set forth in the Settlement

Agreement, should be ordered, along with a permanent injunction barring

efforts to bring any claims extinguished by the release;

d.    to consider the application of Class Counsel for an award of Attorneys'

Fees and Expenses and Class Representative Incentive Awards;

e.    to consider any Putative Class Member's objections to the Settlement; and

f.    to rule upon such other matters as the Court may deem appropriate.

8.    The Court reserves the right to adjourn the Final Fairness Hearing to a later date.

The Court further reserves the right to enter its Order and Final Judgment approving the

Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of any

ruling on a request for Attorneys' Fees and Expenses.

9.    The Court reserves the right to approve the Settlement, with such modifications

as may be agreed upon or consented to by the Parties, and without further notice to the Class

where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23

and due process of law.

10.    The Court approves the form, substance and requirements of the Notice and the

Summary Notice, both of which are exhibits to the Settlement Agreement.

11.    Class Counsel have the authority to enter into the Settlement Agreement on

behalf of the Class and are authorized to act on behalf of the Class Members with respect to all

acts or consents required by or that may be given pursuant to the Agreement or such other acts

that are reasonably necessary to consummate the Settlement.

12.    Defendant shall be responsible to effect Notice.  Defendant shall have the right

to engage a third-party claims administrator consistent with the terms of the Settlement

Agreement to effect Notice.  Defendant shall effect the following schedule within twenty-eight (28) calendar days of the entry of this Order (the "Notice Date"):

    a.    Defendant shall cause the Notice and Summary Notice, substantially in the forms annexed to the Settlement Agreement, to be emailed to all Class Members for whom Defendant has email contact information; the Summary Notice shall be reproduced in the text of the email, and the Notice shall be an attachment.

    b.    Defendant shall cause the Notice and Summary Notice to be mailed, by first class mail, postage prepaid, to all Putative Class Members for whom an email address is unknown or undeliverable and whose mailing addresses can be identified with reasonable effort.

    c.    Defendants' Counsel shall, no later than fourteen (14) business days before the Final Fairness Hearing, serve upon Class Counsel, and file with the Court, proof of compliance with this Notice requirement, consistent with the Agreement, including the total number of known Class Members, total number of Notices sent, total number of requested exclusions from the Class, and total number of objections.

    d.    Defendants' Counsel shall keep Class Counsel promptly apprised of any Putative Class Member(s) requesting exclusion from the Class including providing copies of all requests for exclusion from the Class.

13.    The forms and methods set forth in the Settlement Agreement for notifying the Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; constitute the best notice

practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto.  No Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

14.     Putative Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Classes in a timely and proper manner, as hereinafter provided.  A Putative Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____ _____, 2017 at the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such person. Putative Class Members requesting exclusion are also required to specify their Universal Property policy number to ensure proper identification and confirmation of membership in the Class.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Class Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

15.     Class Members validly and timely requesting exclusion from the Class shall not be entitled to receive any benefit from the Managed Recovery and Restoration Services nor the Identity Theft Reimbursement Insurance provided by Defendant in this Settlement.

16.     The Court will consider comments and/or objections to the Settlement or the application for Attorneys' Fees and Expenses, or incentive payments to Class Representatives, only if such comments or objections and any supporting papers are served to be received no later than _____ ___, 2017, upon each of the following:

**THE COURT:**

Clerk of the Court
United States District Court
Southern District of Florida
299 E. Broward Blvd.
Ft. Lauderdale, FL  33301

**CLASS COUNSEL:**

**Any one of:**

Frederic S. Fox, Esq.
David A. Straite, Esq.
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY  10022

**and:**

**DEFENSE COUNSEL:**

**Any one of:**

Edward R. McNicholas
Clayton G. Northouse
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005

Additionally, any Class Member who wishes to appeal from any provision of the order approving the settlement as fair, reasonable, and adequate, the award of incentive payments, or the award of reasonable attorneys' fees and expenses paid by Universal Property and awarded to Settlement Class Counsel must appear in person or through counsel, or ask the Court in the

Class Member's objection to excuse such appearance prior to the Fairness Hearing. Any Class Member who wishes to be heard orally in opposition to the Settlement and/or the application for Attorneys' Fees and Expenses are required to identify in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Fairness Hearing.  Class Members do not need to appear at the Final Fairness Hearing or take any other action to indicate their approval. Putative Class Members may not request exclusion from the Class and object to the Settlement. If any Putative Class Member requests exclusion and objects, the request for exclusion shall take precedence and the objection deemed invalid unless the Putative Class Member makes reasonable and timely efforts to withdraw the request for exclusion.

17.     Any Putative Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, or the application for an award of Attorneys' Fees and Expenses and incentive payments to the Class Representatives.

18.     All papers in support of the Settlement and any application for Attorneys' Fees or Expenses or a payment to Proposed Class Representatives shall be filed on or before _____ _____, 2017.

19.     Any submissions filed in Reply to any objections or requests for exclusion, or in further support of the Settlement and any application for Attorneys' Fees or Expenses or a payment to Proposed Class Representatives, shall be filed no later than _____ ____, 2017.

9

20.     Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims.

21.     The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any objection or request for exclusion filed by any Class Member and any future requests by one or more of the parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Agreement be enforced.

Dated: _____ _____, 2017

**IT IS SO ORDERED.**

_____
Hon. James I. Cohn
United States District Judge

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Karen RODRIGUEZ, et al., individually and
on behalf of other similarly situated persons,

      Plaintiffs,

      v.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

      Defendant.

Case No. 16-cv-60442-COHN/SELTZER

**[PROPOSED]  FINAL  ORDER  AND  JUDGMENT**

WHEREAS:

A.      As of January 31, 2017, Plaintiffs Karen Rodriguez, Antonio Rodriguez, Boris

Shaykevich, and Yelena Shaykevich (collectively, the "Plaintiffs" or "Class Representatives"),

for themselves and on behalf of all Class Members, on the one hand, and Defendant Universal

Property & Casualty Insurance Company ("Defendant"), Atlas Premium Finance Company

("Atlas"), and Universal Insurance Holdings, Inc. ("Universal Parent") on the other hand, entered

into a Settlement Agreement  (the "Agreement") in this litigation (the "Action"), which is subject

to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the

exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action (the

"Settlement").

B.      Pursuant to the ORDER PRELIMINARILY APPROVING SETTLEMENT

AGREEMENT AND GRANTING MOTION FOR CLASS CERTIFICATION AND

APPOINTMENT OF CLASS COUNSEL, entered _____ _____, 2017 (the "Preliminary

Approval Order"), the Court scheduled a final fairness hearing for _____ _____

1

_____, 2017, at _____:_____ _____.m. (the "Fairness Hearing") to, among other things, determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate, and should be approved by the Court.

C.       The Court ordered that the Notice of Proposed Class Action Settlement and Settlement Hearing, substantially in the form attached to the Settlement Agreement as Exhibit A (the "Notice"), and the Summary Notice, substantially in the form attached to the Settlement Agreement as Exhibit B (the "Summary Notice"), be emailed to all Class Members for whom Defendant has email contact information (and in the alternative, that the Summary Notice and Notice be mailed postage prepaid, to all Putative Class Members for whom an email address is unknown or undeliverable and whose mailing addresses can be identified with reasonable effort) within twenty-eight (28) calendar days of the entry of the Preliminary Approval Order (the "Notice Date").

D.       The ordered Notice took place as required by the Preliminary Approval Order. The Notice and the Summary Notice advised potential members of the Settlement Class of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objection to the Settlement was required to be filed with the Court and served on counsel for the parties such that it would be received by _____ ____, 2017.

E.       On _____ ___, 2017, Plaintiffs moved for final approval of the Settlement.  The Fairness Hearing took place on _____ _____, 2017, at which time all interested persons were afforded the opportunity to be heard.

F.       This Court has duly considered Plaintiffs' motion for final approval of the Settlement, as well as the affidavits, declarations, and memoranda of law submitted in

support thereof; the Settlement Agreement and exhibits; and all of the submissions and

arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED

AND DECREED that:

1.      This Final Order and Judgment ("Judgment") incorporates by reference

the definitions in the Settlement Agreement and all capitalized terms used in this

Judgment that are not otherwise defined herein shall have the same meanings as set forth

in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over

all parties to the Action, including all members of the Settlement Class.

3.      The Court hereby re-affirms its determinations in the Preliminary Approval

Order and finally certifies, for the purposes of the Settlement only, pursuant to Rules 23(a) and

(b) of the Federal Rules of Civil Procedure, the Settlement Class, which is defined as:

> (a)     All current and former customers of Defendant who insured real property
>
> with Defendant between September 1, 2013 and March 31, 2016.  For the
>
> avoidance of doubt, two individuals who jointly insure real property shall
>
> both be Class Members even if only one of the individuals holds a
>
> mortgage or appears on documents evidencing ownership of the real
>
> property.
>
> (b)     The Class shall exclude Defendant, its past or current officers, directors,
>
> affiliates, legal representatives, predecessors, successors, and assigns, and
>
> entities in which any of them have a controlling interest.  For the
>
> avoidance of doubt, also excluded are Universal Insurance Holdings, Inc.

3

and Atlas Premium Finance Company and any entity in which any of them

have a controlling interest, either directly or indirectly.

(c)   The Class also excludes all judicial officers assigned to this case as

defined by 28 U.S.C. § 455(b), and their immediate families.

(d)   The Class also excludes persons who affirmatively, validly, and timely

exclude themselves from the Class pursuant to the procedures described in

the Notice.  A list of all valid and timely requests for exclusion allowed by

the Court is annexed hereto as Exhibit A.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the

purposes of the Settlement only, the Court hereby re-affirms its determinations in the

Preliminary Approval Order that: (i) Plaintiffs Karen Rodriguez, Antonio Rodriguez, Boris

Shaykevich, and Yelena Shaykevich are certified as the Class Representatives; and (ii) Kaplan

Fox & Kilsheimer, LLP is appointed lead class counsel ("Lead Counsel") and Wites & Kapetan

P.A. is appointed liaison class counsel ("Liaison Counsel") (together, "Class Counsel").

5.      The Notice provided for and given to the Class: (i) was in compliance with

the Preliminary Approval Order; (ii) constituted the best notice practicable under the

circumstances; (iii) constituted notice that was reasonably calculated to apprise members of

the Settlement Class of the effect of the Settlement, of Class Counsel's right to request an

award of attorney's fees and payment(s) of expenses, of class members' right to comment on

or object to the Settlement, and of their right to appear at the Fairness Hearing; (iv)

constituted due, adequate, and sufficient notice to all persons entitled to receive notice of the

proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal

4

Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6.      [The Court has considered the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

7.      In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation of the Action, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Agreement in all respects, and finds that the Settlement is, in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class.  This Court further finds that the Settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties.  The Settlement shall be consummated in accordance with the terms and provisions of the Agreement.

8.      The Action  is hereby dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Agreement.

9.      Upon the Effective Date, Plaintiffs and each and every other Participating Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Settled Class Claims as against each and every one of the Released Parties and shall forever be BARRED, ENJOINED, AND RESTRAINED from commencing, instituting, prosecuting, or maintaining any and all such Settled Class Claims against any and all of the Released Parties.

10.     Any and all claims for contribution or indemnity (and related claims where the injury to the person bringing the claim is liability to the Settlement Class) arising out of the claims or allegations of the Action or any Released Class Claim (i) by any person against any of the Released Parties, and (ii) by any of the Released Parties against any person, other than a person whose liability has been extinguished by the Settlement, are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable; provided, however, that nothing in this paragraph shall release or alter any rights to indemnity or contribution by or among the Defendant and its affiliates and/or insurance carrier(s).

11.     Each Participating Class Member is bound by this Judgment, including, without limitation, the releases of claims as set forth above.

12.     This Judgment and the Agreement, whether or not consummated, and any discussions, negotiations, proceedings, or agreements relating to the Agreement, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the parties, or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

        (a)     do not constitute, and shall not be offered or received against or to the prejudice of any party or member of the Settlement Class, or their respective counsel or agents, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of any party or members of the Settlement Class, or their respective counsel or agents, in any other civil,

6

criminal, or administrative action or proceeding, other than such

proceedings as may be necessary to effectuate the provisions of the

Settlement;

(b)    do not constitute, and shall not be construed against any party or any

member of the Settlement Class, as an admission or concession that the

consideration to be given hereunder represents the amount which could be

or would have been recovered after trial.

13.    In the event that the Settlement does not become effective in accordance with

the terms of the Agreement, then this Judgment shall be rendered null and void to the extent

provided by and in accordance with the Agreement and shall be vacated; and in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent

provided by and in accordance with the Agreement.

14.    A separate order shall be entered regarding Class Counsel's application(s) for

attorneys' fees and payment(s) of expenses and Class Representative incentive awards as

allowed by the Court.  Such order shall in no way disturb or affect this Judgment and shall be

considered separate from this Judgment.

15.    Without affecting the finality of this Judgment in any way, this Court hereby

retains continuing jurisdiction over: (i) implementation of the Agreement and Settlement;

(ii) any objection to the Settlement; (iii) disposition of the class relief afforded under the

Settlement; (iv) hearing and determining applications for attorneys' fees and costs, as well as

payment of incentive awards to the Class Representatives; (v) all parties, Class Members, and

objectors for the purpose of construing, enforcing, and administering the Agreement, the

Settlement, and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There

is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the

Court is expressly directed.

Dated: _____ _____, 2017

**IT IS SO ORDERED.**

_____

Hon. James I. Cohn
United States District Judge