UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Karen RODRIGUEZ, et al., individually and on behalf of other similarly situated persons,

    Plaintiffs,

v.

UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,

    Defendant.

Case No. 16-60442-CIV-COHN/SELTZER

## ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARILY APPROVAL OF SETTLEMENT AGREEMENT, CLASS CERTIFICATION, AND APPOINTMENT OF CLASS COUNSEL

Plaintiffs Karen Rodriguez, Antonio Rodriguez, Boris Shaykevich, and Yelena Shaykevich, on behalf of the proposed Class (as defined herein) (the "Plaintiffs"), by and through counsel, move for an order (1) preliminarily approving a settlement of all claims in this action on a class-wide basis; (2) approving the parties' requested form and manner of Notice; (3) granting certification of a proposed settlement class of certain customers and former customers of Defendant Universal Property & Casualty Insurance Company ("Defendant"); (4) appointing Plaintiffs as class representatives; and (5) appointing the firm of Kaplan Fox & Kilsheimer LLP as lead class counsel and the firm of Wites & Kapetan P.A. as liaison class counsel. See DE 85 (the "Motion"). In support of the Motion, the Plaintiffs have filed a Settlement Agreement between themselves and Defendant (including, with respect to some portions, affiliated entities Atlas Premium Finance Company and Universal Insurance Holdings, Inc.) dated January 31, 2017 (the "Agreement") [DE 85-2], which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and

1

which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in this action.

The Court has reviewed and considered the Motion; the Agreement, including the attached proposed "Notice of Class Action Settlement" (the "Notice") and proposed "Summary Notice"; and the other Exhibits to the Agreement and the Motion. The Court further understands that Defendant does not oppose the Motion. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Certification of Class and Appointment of Class Representatives and Class Counsel [DE 85] is hereby **GRANTED** as follows:

1. Where appropriate, capitalized terms used herein have the meanings defined in the Agreement.

2. This Action is **STAYED** until further notice with the exception of the deadlines outlined below. The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class Members; (c) the claims of the Proposed Class Representatives are typical of the claims of the Class they seek to represent; (d) the Proposed Class Representatives will fairly and adequately represent the interests of the Class; (e) Defendant has allegedly acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole; (f) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (g) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

2

3. Pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Court hereby preliminarily certifies the following Class:

    a. All current and former customers of Defendant who insured real property with Defendant between September 1, 2013, and March 31, 2016. For the avoidance of doubt, two individuals who jointly insure real property shall both be Class Members even if only one of the individuals holds a mortgage or appears on documents evidencing ownership of the real property.

    b. The Class shall exclude Defendant, its past or current officers, directors, affiliates, legal representatives, predecessors, successors, assigns and entities in which any of them have a controlling interest. For the avoidance of doubt, also excluded are Universal Parent and Atlas and any entity in which any of them have a controlling interest, either directly or indirectly.

    c. The Class also excludes all judicial officers assigned to this case, as defined by 28 U.S.C. § 455(b), and their immediate families.

    d. The Class shall also exclude persons who affirmatively, validly, and timely exclude themselves from the Class pursuant to the procedures described in the Notice.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, (a) the Plaintiffs are certified as the class representatives; and (b) Kaplan Fox & Kilsheimer LLP is appointed lead class counsel ("Lead Counsel"), and Wites

3

& Kapetan P.A. is appointed liaison class counsel ("Liaison Counsel") (together, "Class Counsel").

5. In further aid of the Court's jurisdiction to implement and enforce the Settlement Agreement, Plaintiffs and Class Members are preliminarily enjoined and barred from commencing or prosecuting any action or proceeding asserting any of the Settled Class Claims either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any court.

6. A hearing (the "Final Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby **SET** for **July 31, 2017, at 10:00 a.m.,** in Courtroom 203E of the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida, for the following purposes:

    a. to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

    b. to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    c. to finally determine whether the Order and Final Judgment as provided under the Settlement Agreement should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties as set forth in the Settlement Agreement should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

4

        d.        to consider the application of Class Counsel for an award of Attorneys' Fees and Expenses and Class Representative Incentive Awards;

        e.        to consider any Putative Class Members' objections to the Settlement; and

        f.        to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to adjourn the Final Fairness Hearing to a later date. The Court further reserves the right to enter an Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of any ruling on a request for Attorneys' Fees and Expenses.

8. The Court reserves the right to approve the Settlement, with such modifications as may be agreed upon or consented to by the Parties, and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

9. The Court approves the form, substance, and requirements of the Notice and the Summary Notice, both of which are exhibits to the Settlement Agreement.

10. Class Counsel have the authority to enter into the Settlement Agreement on behalf of the Class and are authorized to act on behalf of the Class Members with respect to all acts or consents required by or that may be given pursuant to the Agreement or such other acts that are reasonably necessary to consummate the Settlement.

11. Defendant shall be responsible to effect Notice. Defendant shall have the right to engage a third-party claims administrator consistent with the terms of the Settlement Agreement to effect Notice. Defendant shall effect the following schedule by **March 15, 2017** (the "Notice Date"):

      a.      Defendant shall cause the Notice and Summary Notice, substantially in the forms annexed to the Settlement Agreement, to be emailed to all Class Members for whom Defendant has email contact information; the Summary Notice shall be reproduced in the text of the email, and the Notice shall be an attachment.

      b.      Defendant shall cause the Notice and Summary Notice to be mailed, by first class mail, postage prepaid, to all Putative Class Members for whom an email address is unknown or undeliverable and whose mailing addresses can be identified with reasonable effort.

      c.      Defendants' Counsel shall, by **July 14, 2017,** serve upon Class Counsel, and file with the Court, proof of compliance with this Notice requirement, consistent with the Agreement, including the total number of known Class Members, total number of Notices sent, total number of requested exclusions from the Class, and total number of objections.

      d.      Defendants' Counsel shall keep Class Counsel promptly apprised of any Putative Class Member(s) requesting exclusion from the Class including providing copies of all requests for exclusion from the Class.

12.      The forms and methods set forth in the Settlement Agreement for notifying the Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Class Member will be relieved from the terms of the Settlement, including the releases

provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

13. Putative Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Putative Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than **June 14, 2017,** at the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name, address, phone number, and email contact information (if any) of the person seeking exclusion; state that the sender specifically requests to be excluded from the Class; and be signed by that person. Putative Class Members requesting exclusion are also required to specify their Universal Property policy number to ensure proper identification and confirmation of membership in the Class. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

14. Class Members validly and timely requesting exclusion from the Class shall not be entitled to receive any benefit from the Managed Recovery and Restoration Services or the Identity Theft Reimbursement Insurance provided by Defendant in this Settlement.

15.     The Court will consider comments and/or objections to the Settlement, the application for Attorneys' Fees and Expenses, or the incentive payments to Class Representatives, only if such comments or objections and any supporting papers are served to be received no later than **June 14, 2017,** upon each of the following:

**THE COURT:**

Clerk of the Court
United States District Court
Southern District of Florida
299 E. Broward Blvd.
Ft. Lauderdale, FL  33301

**CLASS COUNSEL:**

**Any one of:**

Frederic S. Fox, Esq.
David A. Straite, Esq.
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY  10022

**and:**

**DEFENSE COUNSEL:**

**Any one of:**

Edward R. McNicholas
Clayton G. Northouse
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC  20005

Additionally, any Class Member who wishes to object to any approval of the settlement as fair, reasonable, and adequate; any award of incentive payments; or any award of reasonable attorneys' fees and expenses paid by Universal Property and awarded  to Settlement Class Counsel must appear in person or through counsel, or ask the Court in the Class Member's

objection to excuse such appearance prior to the Fairness Hearing. Any Class Member who wishes to be heard orally in opposition to the Settlement and/or the application for Attorneys' Fees and Expenses is required to identify in his written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) any witnesses he may call to testify or exhibits he intends to introduce into evidence at the Final Fairness Hearing. Class Members do not need to appear at the Final Fairness Hearing or take any other action to indicate their approval. Putative Class Members may not request exclusion from the Class and object to the Settlement. If any Putative Class Member requests exclusion and objects, the request for exclusion shall take precedence and the objection deemed invalid unless the Putative Class Member makes reasonable and timely efforts to withdraw the request for exclusion.

16.     Any Putative Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement; any Order and Final Judgment to be entered approving the Settlement; or the application for an award of Attorneys' Fees and Expenses and incentive payments to the Class Representatives.

17.     All papers in support of the Settlement and any application for Attorneys' Fees or Expenses or payments to Proposed Class Representatives shall be filed on or before **May 15, 2017**.

18.     Any submissions filed in Reply to any objections or requests for exclusion, or in further support of the Settlement and any application for Attorneys' Fees or Expenses or payments to Proposed Class Representatives, shall be filed no later than **July 14, 2017**.

9

19.     Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims.

20.     The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any objection or request for exclusion filed by any Class Member and any future requests by one or more of the parties that any Final Order and Judgment, the Release, and/or the permanent injunction set forth in the Agreement be enforced.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of February, 2017.

JAMES I. COHN
United States District Judge