## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Karen RODRIGUEZ, et al., individually and
on behalf of other similarly situated persons,

      Plaintiffs,

      v.

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

      Defendant.

Case No. 16-cv-60442-COHN/SELTZER

### FINAL ORDER AND JUDGMENT

WHEREAS:

A.    As of January 31, 2017, Plaintiffs Karen Rodriguez, Antonio Rodriguez, Boris Shaykevich, and Yelena Shaykevich (collectively, the "Plaintiffs" or "Class Representatives"), for themselves and on behalf of all Class Members, on the one hand, and Defendant Universal Property & Casualty Insurance Company ("Defendant"), Atlas Premium Finance Company ("Atlas"), and Universal Insurance Holdings, Inc. ("Universal Parent") on the other hand, entered into a Settlement Agreement  (the "Agreement") in this litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement").

B.    Pursuant to the ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT AND GRANTING MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL, entered February 14, 2017 (the "Preliminary Approval Order"), the Court scheduled a final fairness hearing for July 31, 2017, at 10:00 a.m.

1

(the "Fairness Hearing") to, among other things, determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate, and should be approved by the Court.

C.      The Court ordered that the Notice of Proposed Class Action Settlement and Settlement Hearing, substantially in the form attached to the Settlement Agreement as Exhibit A (the "Notice"), and the Summary Notice, substantially in the form attached to the Settlement Agreement as Exhibit B (the "Summary Notice"), be emailed to all Class Members for whom Defendant has email contact information (and in the alternative, that the Summary Notice and Notice be mailed postage prepaid, to all Putative Class Members for whom an email address is unknown or undeliverable and whose mailing addresses can be identified with reasonable effort) within twenty-eight (28) calendar days of the entry of the Preliminary Approval Order (the "Notice Date").

D.      The ordered Notice took place as required by the Preliminary Approval Order. The Notice and the Summary Notice advised potential members of the Settlement Class of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objection to the Settlement was required to be filed with the Court and served on counsel for the parties such that it would be received by June 14, 2017.

E.      On May 15, 2017, Plaintiffs moved for final approval of the Settlement.  The Fairness Hearing took place on July 31, 2017, at which time all interested persons were afforded the opportunity to be heard.

F.      This Court has duly considered Plaintiffs' motion for final approval of the Settlement, as well as the affidavits, declarations, and memoranda of law submitted in

support thereof; the Settlement Agreement and exhibits; and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Settlement Agreement and all capitalized terms used in this Judgment that are not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3.      The Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, the Settlement Class, which is defined as:

(a)     All current and former customers of Defendant who insured real property with Defendant between September 1, 2013 and March 31, 2016.  For the avoidance of doubt, two individuals who jointly insure real property shall both be Class Members even if only one of the individuals holds a mortgage or appears on documents evidencing ownership of the real property.

(b)     The Class shall exclude Defendant, its past or current officers, directors, affiliates, legal representatives, predecessors, successors, and assigns, and entities in which any of them have a controlling interest.  For the avoidance of doubt, also excluded are Universal Insurance Holdings, Inc.

and Atlas Premium Finance Company and any entity in which any of them have a controlling interest, either directly or indirectly.

(c)     The Class also excludes all judicial officers assigned to this case as defined by 28 U.S.C. § 455(b), and their immediate families.

(d)     The Class also excludes persons who affirmatively, validly, and timely exclude themselves from the Class pursuant to the procedures described in the Notice.   A list of all valid and timely requests for exclusion allowed by the Court is annexed hereto as Exhibit A

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order that: (i) Plaintiffs Karen Rodriguez, Antonio Rodriguez, Boris Shaykevich, and Yelena Shaykevich are certified as the Class Representatives; and (ii) Kaplan Fox & Kilsheimer, LLP is appointed lead class counsel ("Lead Counsel") and Wites & Kapetan P.A. is appointed liaison class counsel ("Liaison Counsel") (together, "Class Counsel").

5.     The Notice provided for and given to the Class: (i) was in compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise members of the Settlement Class of the effect of the Settlement, of Class Counsel's right to request an award of attorney's fees and payment(s) of expenses, of class members' right to comment on or object to the Settlement, and of their right to appear at the Fairness Hearing; (iv) constituted due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal

Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

6. The Court has considered the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

7. In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation of the Action, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Agreement in all respects, and finds that the Settlement is, in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. The Settlement shall be consummated in accordance with the terms and provisions of the Agreement.

8. The Action is hereby dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Agreement.

9. Upon the Effective Date, Plaintiffs and each and every other Participating Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Settled Class Claims as against each and every one of the Released Parties and shall forever be BARRED, ENJOINED, AND RESTRAINED from commencing, instituting, prosecuting, or maintaining any and all such Settled Class Claims against any and all of the Released Parties.

10.     Any and all claims for contribution or indemnity (and related claims where the injury to the person bringing the claim is liability to the Settlement Class) arising out of the claims or allegations of the Action or any Released Class Claim (i) by any person against any of the Released Parties, and (ii) by any of the Released Parties against any person, other than a person whose liability has been extinguished by the Settlement, are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable; provided, however, that nothing in this paragraph shall release or alter any rights to indemnity or contribution by or among the Defendant and its affiliates and/or insurance carrier(s).

11.     Each Participating Class Member is bound by this Judgment, including, without limitation, the releases of claims as set forth above.

12.     This Judgment and the Agreement, whether or not consummated, and any discussions, negotiations, proceedings, or agreements relating to the Agreement, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the parties, or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any party or member of the Settlement Class, or their respective counsel or agents, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of any party or members of the Settlement Class, or their respective counsel or agents, in any other civil,

6

criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement;

(b)    do not constitute, and shall not be construed against any party or any member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

13.    In the event that the Settlement does not become effective in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

14.    A separate order shall be entered regarding Class Counsel's application(s) for attorneys' fees and payment(s) of expenses and Class Representative incentive awards as allowed by the Court.  Such order shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Agreement and Settlement; (ii) any objection to the Settlement; (iii) disposition of the class relief afforded under the Settlement; (iv) hearing and determining applications for attorneys' fees and costs, as well as payment of incentive awards to the Class Representatives; (v) all parties, Class Members, and objectors for the purpose of construing, enforcing, and administering the Agreement, the Settlement, and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There

is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the

Court is expressly directed.

Dated: _July__ _31_____, 2017

**IT IS SO ORDERED.**

Hon. James I. Cohn
United States District Judge

8

# EXHIBIT A

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

1.  Karin G.

2.  Robert M.

3.  Anne Marie I

4.  Robert L.

5.  Marguerite E.

6.  Thomas H.

7.  Sandra H.

8.  Loretta S.

9.  Denis M.

10. Michel L.

11. Paolo N.

12. Betty D

13. Evaline T. (Glenna M          Executor PoA)

14. Lee B.

15. Sandra F.

16.  Vivian R.

17. Antoinette R.

18. Laurie F.

19. Alfred J.

20. Eileen J.

21. Hani A.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

22. Jamil F.

23. Annie T.

24. Tom D.

25. Susan D.

26. Diane B.

27. Gloria L.

28. Joyce S.

29. Robert S.

30. Gael P.

31. Beatriz F

32. Robert B.

33. Jean G.

34. Louis M.

35. Susan M.

36. Jacqueline R.

37. R. Gerald B.

38. Glen S.

39. Sean C.

40. Gerardo A.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

41. Mary B.

42. Arthur B.

43. Shirley B.

44. Terry H.

45. Ginette L.

46. Bernice B.

47. Elaine C.

48. Veronika T.

49. Oleg T.

50. Nancy M.

51. Ralph M.

52. Gladys P.

53. Raymond G.

54. Rhonda G.

55. Jill G.

56. Mary L.

57. Elaine B.

58. Majorie B.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

59. Ana F.

60. Cira P.

61. Carlos A

62. Sandra W.

63. Antoinette R.

64. Philip D.

65. Rosalind D.

66. Andrew T.

67. Willie F.

68. Carletta F.

69. Christopher B.

70. Patricia B.

71. Huguette R.

72. Adam R.

73. David R.

74. Anita R.

75. Maureen B.

76. Gloria S.

77. Muriel G.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

78. Ross W.

79. Doris W.

80. Stephen K.

81. George Y.

82. Arthur H.

83. Charles N.

84. Pedro P.

85. Maria P.

86. Howard B.

87. Lillian B.

88. Howard N.

89. Kerry Ann N.

90. Miriam S.

91. Yekusiel S.

92. Alan W.

93. Mary W.

94. Arthur M.

95. Dorothy L.

96. Corrado M.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

97. Maria M.

98. Philip S.

99. Julia M.

100. James C.

101. Darlene C.

102. Emma G.

103. Earlene C.

104. Betty D.

105. Robert H.

106. Robert W.

107. Peggy W.

108. Cherlyn D

109. Robert A.

110. Raymond M.

111. Denis P.

112. Michael D.

113. Maureen D.

114. Michael M.

115. Sandra M.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

116.   Richard D.

117.   Berrie D.

118.   Franklin S.

119.   Tammy S.

120.   Mihaela B.

121.   Gabriel B.

122.   Elsa T.

123.   George D.

124.   Geraldine S.

125.   Guillermo R.

126.   Sidka R.

127.   Esther P.

128.   Rhonda B.

129.   Dennis B.

130.   Helen D.

131.   Daniel W.

132.   Scott M.

133.   Thomas H.

134.   Joanne H.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

135.   Sylvain A.

136.   Victor A.

137.   Clarice A.

138.   Dorothy K.

139.   Dotty D.

140.   James D.

141.   Esther O.

142.   Jeanne B.

143.   Frank S.

144.   Carole S.

145.   James Q.

146.   Claude V.

147.   Marie P.

148.   Jean Guy B.

149.   Therese B.

150.   William G.

151.   Germaine B.

152.   Sheree S.

153.   James C.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

154.  Madeline C.

155.  Antoinette C.

156.  Roy K.

157.  Carole K.

158.  Ella L.

159.  Anthony D.

160.  Anna D.

161.  Linda B.

162.   Barry B.

163.  John E.

164.  Josephine E.

165.  Carol S.

166.  Chyna L.

167.  Gwen S.

168.  Jean K.

169.  James S. Jr

170.  Shirley H.

171.  Guillermo A.

172.  Catalina R.

173.  Peggy W.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

174.   Maria Z.

175.   Juan M.

176.   Grace H.

177.   Deborah C.

178.   Cristina C.

179.   Andre D.

180.   Lynn F.

181.   Daniel G.

182.   Sharron G.

183.   Donald C.

184.   Shannon R.

185.   Vincenzo A.

186.   Rosa A.

187.   Ann D.

188.   Damien D.

189.   Judy C.

190.   Wayne V.

191.   Carol V.

192.   Jacquelin L.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

193.   Anaiz P.

194.   Raymond H.

195.   Patrick Y.

196.   Marilyn Y.

197.   Gilles C.

198.   Celine D.

199.   Esther B.

200.   Charles H.

201.   Helen K.

202.   Richard O.

203.   Christine M.

204.   Christine M.

205.   Jacqueline R.

206.   Scott R.

207.   Wener D.

208.   Christine D.

209.   Donald K.

210.   Barbara M.

211.   Christine G.

**IN RE: Rodriguez v. Universal Property**
**Case No. 16-cv-60442**
**REQUESTS FOR EXCLUSION**
**RECEIVED THROUGH July 12, 2017**

212.   Michelin L.

213.   Lise L.

214.   Michael D.

215.   Maureen D.

216.   Joshua L.

217.   Jennifer L.

218.   Cheryl H.

219.   Richard M.

220.   Carolyn M.

221.   Florence K.

222.   Susan B.

223.   Ray S. **(LATE)**

224.   Maria C. **(LATE)**

225.   Carole H. **(LATE)**

226.   Louis H. **(LATE)**